LAW SCHOOL LIBRARY.

JARROT GARNER and GEORGE AYDOLLETT, plaintiffs in error *v.* JOHN CRENSHAW, defendant in error.

*Error to Gallatin.*

An application to set aside a default, is addressed to the sound discretion of the Court, and no writ of error will lie to correct its exercise.

It is too late to make an application to set aside a default after one term of the Court has intervened between the term at which the default was taken, and that at which the motion was made.

JUDGMENT was rendered in this cause by the Hon. Thomas C. Browne, at the March term, 1834, of the Gallatin Circuit Court.

A. F. GRANT, for the plaintiffs in error.

H. EDDY, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court:

This was an action of *trespass de bonis asportatis.*   The defendants appeared and pleaded and subsequently withdrew their plea, letting judgment pass by default against them.   An order for the execution of a writ of inquiry of damages was entered; but before its execution, Garner, one of the defendants, moved to set aside the default, and asked leave to be permitted to plead.   The Circuit Court refused on the affidavit of Garner, (which disclosed the grounds of his application,) to set aside the

(1) 1 Blac. Com. 88; Breese 294.

default, and order for the execution of the writ of inquiry, to which refusal the defendants excepted. The bill of exceptions contains the reason of the Court for its refusal, which is that one term of the Court had intervened between the term at which the default was taken, and that at which the motion was made. It is now urged by the counsel for the plaintiffs in error, that the reason given is an insufficient one, and that the default ought to have been set aside, and the defendants let in to plead. If the grounds of the application to the Circuit Court were examined, they would be found to present no reasonable cause for vacating a default, virtually acceded to by the defendants themselves, by the withdrawal of their plea; nor would the grounds disclosed in the affidavit of one of them, furnish any legal excuse for not renewing their defence in time, if they had so desired or intended, as it appears that one full term had elapsed before the application to set aside the default.

Apart, however, from the merits of the application to the Circuit Court, it will be perceived that an application to set aside a default, is addressed to the sound legal discretion of the Court, and that no writ of error will lie to correct the erroneous exercise of this power. The entering of the default was an interlocutory order, and its vacation depended on the exercise of this discretionary power under the rules and practice of the Circuit Court, and as should best, under those rules, subserve the purposes of justice. We are not only satisfied that this power was discreetly exercised in the present case, and conformably to its justice, but that the refusal to set aside the default, cannot be assigned for error.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

See note to the case of Wickersham *v.* The People. *Ante* 128.